BRENNAN et al. v. DELAWARE, L. & W. R. CO.

(Circuit Court of Appeals, Third Circuit.   October 27, 1897.)

No. 18.

RAILROADS—INJURIES TO PERSON ON TRACK—CONTRIBUTORY NEGLIGENCE.

 To stand or walk on a railroad track, or so near thereto as to be in the way of a passing train, is negligence such as to warrant the court in directing a nonsuit and in refusing to admit evidence of negligence on the part of the company.

In Error to the Circuit Court of the United States for the District of New Jersey.

This was an action at law by Lawrence Brennan and Ann Brennan against the Delaware, Lackawanna & Western Railroad Company to recover damages for personal injuries suffered by the said Ann Brennan.   The circuit court directed a nonsuit, and the plaintiffs have appealed.

Harry E. Richards, for plaintiffs in error.

George M. Shipman and Flavel McGee, for defendant in error.

Before ACHESON and DALLAS, Circuit Judges, and BUTLER, District Judge.

BUTLER, District Judge.   The plaintiffs sue to recover damages for injuries inflicted on Ann Brennan by the defendant's train while she stood by the side of its track, with her shoulder and arm extended over.   The circuit court, finding her guilty of contributory negligence, directed a nonsuit.   To this direction, and also to the exclusion of testimony intended to show negligence of the defendant, in failing to signal, the plaintiffs excepted; and now assign the matters excepted to as errors.

Neither assignment can be sustained.   To stand or walk on a railroad track, or so near thereto, as to be in the way of a passing train is negligence at common law.   It would be waste of time to cite authority for this statement.   The court was therefore right in finding Ann Brennan guilty of negligence.   She was in the way of the train without excuse for being there.   It was consequently unnecessary to inquire whether the defendant was also negligent; and the offer of testimony was therefore properly excluded.   Its admission could not have benefited the plaintiffs.   It may be remarked however that the offer did not tend to prove negligence.   No crossing, in a legal sense, existed there; and the offer does not suggest that the ground indicated the existence of a custom such as the offer states, or that the defendant otherwise had knowledge of it.   If however the custom existed and the defendant had knowledge of it, the plaintiff, Ann Brennan, would be without justification in standing there.

The judgment is therefore affirmed.